OPINION
{¶ 1} Lillian Delores Harris appeals from a judgment of the Greene County Court of Common Pleas, which accepted her guilty pleas to nine fifth degree felony offenses and sentenced her to the maximum sentence allowed for each offense.
 {¶ 2} Charges were brought against Harris under two separate case numbers. In Case No. 2002-CR-396, she was charged with two counts of receiving stolen property and with five counts of forgery. These counts related to the use of stolen credit cards at several different stores. In Case No. 2002-CR-415, Harris was charged with possession of crack cocaine and permitting drug abuse at her residence. Harris, who was 61 years old, was on community control sanctions at the time of these offenses.
 {¶ 3} The state and Harris entered into a plea agreement whereby she would plead guilty to all of the offenses in both cases in exchange for the state's recommendation that she receive community control sanctions and drug treatment. The trial court ordered a presentence investigation, however, and the probation department opposed community control sanctions. The trial court chose to impose the maximum sentence for each offense, finding that the shortest prison term would demean the seriousness of Harris's conduct and that she posed "a likelihood of recidivism." The court noted that Harris had been on community control at the time of the offenses. The court imposed twelve months of incarceration for each of the seven offenses in Case No. 2002-CR-396. The two sentences for receiving stolen property were ordered to be served concurrently, and the five sentences for forgery were ordered to be served concurrently, but the sentences for receiving stolen property were to be served consecutively to the sentences for forgery. The court imposed twelve months of incarceration for each of the two offenses in Case No. 2002-CR-415, to be served consecutively to each other and consecutively to the sentences imposed in Case No. 2002-CR-396. Thus, Harris received an actual sentence of four years of imprisonment.
 {¶ 4} Harris raises one assignment of error on appeal.
 {¶ 5} "The trial court erred to the prejudice of the appellant when it sentenced the appellant to the maximum sentence on each of the fifth degree felon[ies] without justification as proscribed under [R.C.]2929.14."
 {¶ 6} Harris claims that the record does not contain any reasoning or justification for the trial court's decision to impose the maximum sentence upon her.
 {¶ 7} R.C. 2929.14(B) provides that the court must impose the shortest term authorized for an offense unless it finds that 1) the offender was serving a prison term at the time of the offense or had previously served a prison term, or 2) the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C 2929.14(C) provides, in pertinent part, that the court may impose the longest prison term authorized for an offense only upon offenders who committed the worst form of the offense or who pose the greatest likelihood of committing future crimes.
 {¶ 8} Harris contends that the trial court did not make the findings required by R.C. 2929.14.
 {¶ 9} At the sentencing hearing, the court noted that Harris had committed multiple offenses while under community control sanctions. Based primarily on this fact, the court concluded that the shortest prison term would demean the seriousness of the offenses and that Harris posed "a likelihood of recidivism."
 {¶ 10} In our view, the trial court's findings were sufficient to explain its conclusion that the shortest prison term would demean the seriousness of Harris's offenses and not adequately protect the public from future crime. The number of offenses tends to support the view that the shortest prison sentence would not adequately reflect the nature of Harris's conduct, and the fact that Harris was under community control while engaging in multiple offenses tends to show an inability to behave in the future within the confines of the law.
 {¶ 11} However, the trial court's finding that Harris posed "a likelihood of recidivism" does not comport with the statutory requirement that maximum sentences be imposed only on those whom are found to pose the greatest likelihood of recidivism. Thus, we will remand this matter to the trial court for it to make a specific finding that Harris poses the greatest likelihood of recidivism or for it to impose lesser sentences.
 {¶ 12} The assignment of error is sustained.
 {¶ 13} The judgment of the trial court will be reversed, and this matter will be remanded for further proceedings.
Brogan, J. and Young, J., concur.